91C *(09/13)*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

In the Matter of:
Avery Bradley Green

Case No. __17-11043__

DEBTOR'S CLAIM FOR PROPERTY EXEMPTIONS

Debtor.

I, __Avery Bradley Green__, the undersigned debtor, hereby claim the following property as exempt pursuant to 11 U.S.C. § 522(b)(3)(A), (B), and (C), the Laws of the State of North Carolina, and non-bankruptcy federal law.

☐ Check if the debtor claims as exempt any amount of interest that exceeds $125,000 in value in property that the debtor or a dependent of the debtor uses as a residence.

1. **REAL OR PERSONAL PROPERTY USED BY DEBTOR OR DEBTOR'S DEPENDENT AS RESIDENCE OR BURIAL PLOT.** (NCGS 1C-1601(a)(1)).
   Select appropriate exemption amount below:
   ☑ Total net value not to exceed $35,000.
   ☐ Total net value not to exceed $60,000. (Debtor is unmarried, 65 years of age or older, property was previously owned by debtor as tenant by the entireties or joint tenant with rights of survivorship, and former co-owner is deceased.)

| Description of Property & Address | Market Value | Mtg. Holder or Lien Holder(s) | Amt. Mtg. or Lien | Net Value |
|---|---|---|---|---|
| 7103 Mackintosh Place Summerfield, NC 27358 Guilford County | 524,000.00 | Bank of America Home Loan Servicing | 12,900.00 | 511,100.00 |

(a) Total Net Value $ 511,100.00
Total Net Exemption $ 35,000.00
(b) Unused portion of exemption, not to exceed $5,000. $ 0.00
(This amount, if any, may be carried forward and used to claim an exemption in any property owned by the debtor. (NCGS 1C-1601(a)(2)).

2. **TENANCY BY THE ENTIRETY.** The following property is claimed as exempt pursuant to 11 U.S.C. § 522(b)(3)(B) and the laws of the State of North Carolina pertaining to property held as tenants by the entirety.

| Description of Property & Address | Market Value | Mtg. Holder or Lien Holder(s) | Amt. Mtg. or Lien | Net Value |
|---|---|---|---|---|
| -NONE- | | | | |

3. **MOTOR VEHICLE.** (NCGS 1C-1601(a)(3). Only one vehicle allowed under this paragraph with net value claimed as exempt not to exceed $3,500.)

| Year, Make, Model of Auto | Market Value | Lien Holder(s) | Amt. Lien | Net Value |
|---|---|---|---|---|
| 2011 Harley Davidson Road Glide 8,000 miles | 12,000.00 | | | 12,000.00 |

(a) Statutory allowance $ 3,500.00
(b) Amount from 1 (b) above to be used in this paragraph.
   (A part or all of 1 (b) may be used as needed.) $ 0.00

Total Net Exemption $ 3,500.00

4. **TOOLS OF TRADE, IMPLEMENTS, OR PROFESSIONAL BOOKS.** (NCGS 1C-1601(a)(5). Used by debtor or debtor's dependent. Total net value of all items claimed as exempt not to exceed $2,000.)

91C *(09/13)*

| Description | Market Value | Lien Holder(s) | Amt. Lien | Net Value |
|---|---|---|---|---|
| -NONE- | | | | |

(a) Statutory allowance $ 2,000
(b) Amount from 1 (b) above to be used in this paragraph.
    (A part or all of 1 (b) may be used as needed.) $ 0.00

Total Net Exemption $ 0.00

5. **PERSONAL PROPERTY USED FOR HOUSEHOLD OR PERSONAL PURPOSES NEEDED BY DEBTOR OR DEBTOR'S DEPENDENTS.** (NCGS 1C-1601(a)(4). Debtor's aggregate interest, not to exceed $5,000 in value for the debtor plus $1,000 for each dependent of the debtor, not to exceed $4,000 total for dependents.)

| Description | Market Value | Lien Holder(s) | Amt. Lien | Net Value |
|---|---|---|---|---|
| Clothing/Personal Items | 500.00 | | | 500.00 |
| Furniture, appliances, etc. | 1,500.00 | | | 1,500.00 |
| TVs, Computer, Etc. | 1,000.00 | | | 1,000.00 |

Total Net Value 3,000.00

(a) Statutory allowance for debtor $ 5,000
(b) Statutory allowance for debtor's dependents: **0** dependents at
$1,000 each (not to exceed $4,000 total for dependents) 0.00
(c) Amount from 1(b) above to be used in this paragraph.
    (A part or all of 1 (b) may be used as needed.) 0.00

Total Net Exemption 3,000.00

6. **LIFE INSURANCE.** (As provided in Article X, Section 5 of North Carolina Constitution.)

   Name of Insurance Company\Policy No.\Name of Insured\Policy Date\Name of Beneficiary
   **-NONE-**

7. **PROFESSIONALLY PRESCRIBED HEALTH AIDS (FOR DEBTOR OR DEBTOR'S DEPENDENTS).** (NCGS 1C-1601(a)(7). No limit on value or number of items.)

   Description:
   **-NONE-**

8. **DEBTOR'S RIGHT TO RECEIVE FOLLOWING COMPENSATION:** (NCGS 1C-1601(a)(8). No limit on number or amount.)

   A. $ **-NONE-** Compensation for personal injury to debtor or to person whom debtor was dependent for support.
   B. $ **-NONE-** Compensation for death of person of whom debtor was dependent for support.
   C. $ **-NONE-** Compensation from private disability policies or annuities.

9. **INDIVIDUAL RETIREMENT PLANS AS DEFINED IN THE INTERNAL REVENUE CODE AND ANY PLAN TREATED IN THE SAME MANNER AS AN INDIVIDUAL RETIREMENT PLAN UNDER THE INTERNAL REVENUE CODE.** (NCGS 1C-1601(a)(9). No limit on number or amount.) **AND OTHER RETIREMENT FUNDS DEFINED IN 11 U.S.C. § 522(b)(3)(c).**

   **Detailed Description**                                                               Value
   **-NONE-**

91C *(09/13)*

10. **COLLEGE SAVINGS PLANS QUALIFIED UNDER SECTION 529 OF THE INTERNAL REVENUE CODE.** (NCGS 1C-1601(a)(10). Total net value not to exceed $25,000 and may not include any funds placed in a college saving plan within the preceding 12 months not in the ordinary course of the debtor's financial affairs. This exemption applies only to the extent that the funds are for a child of the debtor and will actually be used for the child's college or university expenses.)

   **Detailed Description**                                                                                      **Value**
   -NONE-

11. **RETIREMENT BENEFITS UNDER A RETIREMENT PLAN OF OTHER STATE AND GOVERNMENTAL UNITS OF OTHER STATES, TO THE EXTENT THOSE BENEFITS ARE EXEMPT UNDER THE LAWS OF THAT STATE OR GOVERNMENTAL UNIT.** (NCGS 1C-1601(a)(11). No limit on amount.)

   Description:
   -NONE-

12. **ALIMONY, SUPPORT, SEPARATION MAINTENANCE AND CHILD SUPPORT.** (NCGS 1C-1601(a)(12). No limit on amount to the extent such payments are reasonably necessary for the support of Debtor or dependent of Debtor.)

   Description:
   -NONE-

13. **ANY OTHER REAL OR PERSONAL PROPERTY WHICH DEBTOR DESIRES TO CLAIM AS EXEMPT THAT HAS NOT PREVIOUSLY BEEN CLAIMED ABOVE.** (NCGS 1C-1601(a)(2). The amount claimed may not exceed the remaining amount available under paragraph 1(b) which has not been used for other exemptions.)

| Description | Market Value | Lien Holder(s) | Amt. Lien | Net Value |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

(a) Total Net Value of property claimed in paragraph 13.                                    $          0.00

(b) Total amount available from paragraph 1(b).                                              $          0.00
(c) Less amounts from paragraph 1(b) which were used in the following paragraphs:
                     Paragraph 3(b)        $        0.00
                     Paragraph 4(b)        $        0.00
                     Paragraph 5(c)        $        0.00
                     Net Balance Available from paragraph 1(b)   $          0.00
                                    Total Net Exemption           $          0.00

14. **OTHER EXEMPTIONS CLAIMED UNDER THE LAWS OF THE STATE OF NORTH CAROLINA:**

   TOTAL VALUE OF PROPERTY CLAIMED AS EXEMPT                                                 $          0.00

15. **EXEMPTIONS CLAIMED UNDER NON-BANKRUPTCY FEDERAL LAW:**

   -NONE-
   TOTAL VALUE OF PROPERTY CLAIMED AS EXEMPT                                                 $          0.00

**16. RECENT PURCHASES**

The exemptions provided in NCGS 1C-1601(a)(2), (3), (4), and (5) are inapplicable with respect to tangible personal property

91C *(09/13)*

purchased by the debtor less than 90 days preceding the initiation of judgment collection proceedings or the filing of a petition for bankruptcy, unless the purchase of the property is directly traceable to the liquidation or conversion of property that may be exempt and no additional property was transferred into or used to acquire the replacement property.

List tangible personal property purchased by the debtor less than 90 days preceding the filing of the bankruptcy petition:

| Description | Market Value | Lien Holder(s) | Amt. Lien | Net Value |
|---|---|---|---|---|
| -NONE- | | | | |

DATE  October 5, 2017

/s/ Avery Bradley Green
**Avery Bradley Green**
Debtor

```
              UNITED STATES BANKRUPTCY COURT
          FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

In Re:                            Case No. B-17-11043 7G

Green, Avery Bradley
```

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the attached document(s) shown below upon the creditors listed below by causing said document(s) to be deposited in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service and/or by electronic means as allowed by the Court.

This the 5th day of October     2017

```
                         by: /s/Phillip E. Bolton
                             Phillip E. Bolton
                             Attorney for Petitioner(s)
                             604 Green Valley Road, Ste 406
                             Greensboro, NC 27408
                             (336) 294-7777
```

DOCUMENT(S) SERVED:

**Debtor's Claim For Property Exemptions**

William Miller, Bankruptcy Administrator
Middle District of NC
101 S. Edgeworth Street
Greensboro, NC 27401


(All Parties Of Record In Case)